FALLS CITY CONSTRUCTION CO. *v.* CITY OF FORT SMITH.

Opinion delivered February 24, 1913.

APPEAL AND ERROR—PARTIES—SEPARATE APPEAL OF COPARTY.—When appellant construction company contracted with the Ft. Smith District of Sebastian County to build for it a courthouse, and the

contract provided that the district would deliver the site to appellant "unless prevented from so doing by order of court of competent jurisdiction restraining said county." *Held*, when the chancery court restrains the county from delivering the site, and the appellant having consented, under the contract, to rest upon the condition named, and the district having refused to prosecute an appeal from the chancellor's order, the decree of the chancellor cuts off any right appellant had under the plain terms of the contract, and the appellant has no right of appeal.

Appeal from Sebastian Chancery Court; *J. V. Bourland,* Chancellor; affirmed.

*Geo. W. Dodd* and *Ira D. Oglesby,* for appellants.

*Vincent M. Miles,* for appellee.

McCulloch, C. J. The county courthouse of the Fort Smith District of Sebastian County was constructed in the year 1888 upon a block of ground in the City of Fort Smith patented to the City by the United States (quoting from the language of the patent) "to be used by it for the erection thereon of public buildings, a county courthouse for the Fort Smith District of Sebastian County, Arkansas, and for a public park." The building was constructed by the district, but at the time of its erection a contract was entered into between the district and the city whereby the district leased to the city certain rooms and parts of the building for use as public offices of the city officials, it being stipulated that the lease should continue "while such building may stand." The city paid to the district a rental of $8,000 in four annual instalments, and agreed to pay one-third of fuel expenses, cost of repair of furnace and closets, fencing, sidewalks, and paving, and one-third of the expense of furnishing the water used in the building. That arrangement has continued to the present time, the district and the city both using the building for public purposes. On July 6, 1912, the county court for the Fort Smith District decided to tear down the old building and erect a new one, and appointed a commissioner for that purpose; and on August 8, 1912, the commissioner, with the approval of the county court, entered

into a contract with appellant, The Falls City Construction Company, to furnish the material and erect the building for a stipulated sum. The contract contained the following clause:

"It is further agreed that said county will within thirty days from the date hereof deliver the building site upon which said courthouse is erected, to the contractor free from all obstructions, unless delayed in so doing by injunction, or other legal proceedings, in which event this time shall be extended over a period equivalent to the time lost by such delay; upon which delivery of said site, the contractor shall proceed to perform this contract and shall begin actual building operations on said site fifteen (15) days after said delivery, unless it shall be prevented or delayed in so doing by litigation, injunction or other causes beyond its control, in which event the time for starting work shall be extended for a period equivalent to the time lost by reason of the delay so caused; and if, for any reason the county shall be permanently prevented or restrained from making delivery of this site, then this agreement shall become null and void, but otherwise to remain in full force and effect. This agreement shall bind the county, however, to deliver said site unless prevented from so doing by order of court of competent jurisdiction restraining said county, and nothing herein contained shall be construed, or have the effect of avoiding this contract or affecting the rights of the parties hereto by reason of the failure or refusal on the part of the county to make delivery of said lot to the contractor unless expressly restrained from so doing as aforesaid."

Before anything was done towards tearing down the old building the city instituted this action in the chancery court of Sebastian county against the county judge, the courthouse commissioner and appellant, The Falls City Construction Company, to restrain them from tearing down the building and constructing a new building on the same site. The city contended that it had rights under the lease contract with the district which per-

mitted it to use the building "while such building may stand;" that the old building was still suitable for use, and that the district had no right to tear it down while it remained in usable condition.

The defendant filed an answer, joining issue as to the condition of the building and the necessity for constructing a new courthouse, and also as to the rights of the City under the lease contract.

The chancellor decided in favor of the city and made permanent the temporary restraining order preventing tearing down of the old building and the construction of the new one on the same site.

All of the defendants prayed an appeal to this court and lodged a transcript here; but subsequently the county court entered an order declining to prosecute the appeal and directing a dismissal thereof, and upon motion of the prosecuting attorney of the district and the Attorney General, representing the county court, an order was entered here dismissing the appeal as to the county judge and the courthouse commissioner; but the other defendant, The Falls City Construction Company, was permitted to prosecute its appeal, and the cause has been submitted to us upon that appeal.

It will be observed from the contract between the Fort Smith District of Sebastian County and appellant, The Falls City Construction Company, that the district was to tear down the old building and appellant was to construct a new building, and appellant's right under the contract to construct the new building was by express terms of the contract made dependent upon the question whether or not "the county shall be permanently prevented or restrained from making delivery of this site." Appellant having permitted the insertion in the contract of the condition that it should have no right thereunder if the county was prevented or restrained, it must now abide by that condition and can not assert any rights unless the condition is complied with. However, whatever rights appellant may have under its contract, the question whether the district

should be allowed to tear down the old building and construct a new one on the same site is a public question in which appellant has no concern. It can not compel the district to construct a new building on that site, whatever may be its rights under the contract to recover damages for non-performance on the part of the district; and even that question is settled by the condition inserted in the contract. Appellant was not even a necessary party to this litigation, as it had nothing to do with the tearing down of the old building, which was the bone of contention between the city and the district. Appellant has no right to prolong the controversy between the district and the city, since the former has elected to dismiss its appeal and allow the decree of the chancellor to stand. The district might have acceded to the demands of the city without litigation and appellant would, as we have already seen, have been without remedy to compel the district to carry out its contract. This being so, since the district has seen fit to withdraw from the controversy and let the decree of the chancellor stand, appellant had no right to continue it. Any other course would permit appellant to force the district, against its will, to prolong the controversy with the city and construct a courthouse contrary to the orders of the county court. Appellant having consented for its rights under the contract to rest upon the condition named above, it must now abide by the contract in that respect. The decree of the chancellor, which, since the dismissal of the district's appeal, remains in full force, necessarily cuts off any rights of appellant under the plain terms of the contract; and since appellant had no right to control the action of the district with respect to the decree or to its attitude in ending the controversy with the city, the decree must, so far as it relates to appellant's appeal, be affirmed. It is so ordered.